UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

Milana Volovaya

_____

_____

CLERK
U.S. DISTRICT COURT
DISTRICT OF NEW JERSEY
RECEIVED

2021 SEP 14  A 9: 56

*(In the space above enter the full name(s) of the plaintiff(s).)*

- against -

Jessica Mellace

_____

_____

_____

_____

_____

_____

_____

_____

**COMPLAINT**

Jury Trial: ☐ Yes ☑ No

(check one)

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Part I. Addresses should not be included here.)*

**I.     Parties in this complaint:**

A.     List your name, address and telephone number. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

| Plaintiff | Name | Milana Volovaya |
|---|---|---|
| | Street Address | 150-14 Village Rd, apt 93B |
| | County, City | Jamaica, Queens |
| | State & Zip Code | NY 11432 |
| | Telephone Number | 646-709-4920 |

B. List all defendants. You should state the full name of the defendants, even if that defendant is a government agency, an organization, a corporation, or an individual. Include the address where each defendant can be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

Defendant No. 1
Name: Jessica Mellace
Street Address: 2 Changebridge Rd Suite H
County, City: Morris County, Montville
State & Zip Code: NJ 07045

Defendant No. 2
Name:
Street Address:
County, City:
State & Zip Code:

Defendant No. 3
Name:
Street Address:
County, City:
State & Zip Code:

Defendant No. 4
Name:
Street Address:
County, City:
State & Zip Code:

## II. Basis for Jurisdiction:

Federal courts are courts of limited jurisdiction. There are four types of cases that can be heard in federal court: 1) Federal Question - Under 28 U.S.C. § 1331, a case involving the United States Constitution or federal laws or treaties is a federal question case; 2) Diversity of Citizenship - Under 28 U.S.C. § 1332, a case in which a citizen of one state sues a citizen of another state and the amount in damages is more than $75,000 is a diversity of citizenship case; 3) U.S. Government Plaintiff; and 4) U.S. Government Defendant.

A. What is the basis for federal court jurisdiction? *(check all that apply)*
   [■] Federal Questions         [ ] Diversity of Citizenship
   [ ] U.S. Government Plaintiff  [ ] U.S. Government Defendant

B. If the basis for jurisdiction is Federal Question, what federal Constitutional, statutory or treaty right is at issue? Infringement of Copyright under The Copyright 1976

C.  If the basis for jurisdiction is Diversity of Citizenship, what is the state of citizenship of each party?

Plaintiff(s) state(s) of citizenship _____

Defendant(s) state(s) of citizenship _____

**III. Statement of Claim:**

State as briefly as possible the facts of your case. Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach additional sheets of paper as necessary.

A.  Where did the events giving rise to your claim(s) occur? YouTube, defendant's Shared Google Drive folder

B.  What date and approximate time did the events giving rise to your claim(s) occur?

From March 23, 2020 4:00 AM to March 31, 2020 5:58 AM

From May 14, 2020 ongoing

C.  Facts:

[What happened to you?]
On March 23, 2020 defendant uploaded on YouTube without my consent recorded by me my three ballet technique classes instructional videos: Ballet I with Ms Milana, Ballet III with Ms Milana, Pointe with Ms Milana, which were removed on March 31, 2020 by YouTube authorities upon my request after I accidentally discovered them on YouTube and reported to YouTube about my videos infringement.

[Who did what?]
Defendant uploaded my instructional videos on YouTube for her personal and financial gains for the purpose of using them for her Dance Studio so her students could take my classes virtually during lockdowns until as she said "the end of quarantine". She concealed from me that she uploaded my videos on YouTube instead. It was premeditated well thought of plan by defendant. On April 3, 2020 during our meeting on Zoom she admitted that she did published my three ballet technique classes instructional videos on YouTube. Defendant on several occasions pressed me to lift YouTube restrictions, so she could continue to use them for her students to practice, although she refused to pay me for it. She also stated in her last e-mail to me that if I voluntarily gave her my videos then "they are not copyrighted".

[Was anyone else involved?]
Shelby Stivale who works for defendant. On May 31, 2020 I wanted to delete my Ballet III technique instructional video from defendant's Shared Google Drive folder, I found out that Shelby Stivale on May 14, 2020 restricted access to my video for me to edit or delete it.

[Who else saw what happened?]
YouTube official authorities

Continued explanation on additional sheet of paper attached below on the next page

I am a former professional ballet dancer with 14 years of performing experience and 20 years of experience teaching Classical Ballet technique internationally. I teach Classical Ballet technique for professional and pre-professional level. The defendant was my employer. Since September 26, 2019 I taught technique classes for levels Ballet I, Ballet III and Pointe classes in her Dance studio "Studio J Dance Academy".

She was very happy with my teaching and on several occasions even told me that she would like me to continue to teach for the next school year of 2021-2022. When lockdown occurred she decided to continue to keep her school open remotely on Zoom. Defendant asked me to record instructional videos of my three ballet technique classes for levels: Ballet I, Ballet III and Pointe classes, and said in her emails that until I started to teach remotely on Zoom she will use my videos as virtual classes on ***her studio's website*** for students to take, and will later pay me for my videos. I recorded my three instructional videos Ballet I with Ms Milana, Ballet III with Ms Milana, and Pointe with Ms Milana on March 22, 2020, and defendant asked me to upload my videos into her Shared Google Drive folder, which I did, so she would be able to download them on her computer and upload them onto *her "studio website"* as she said. After defendant obtained my videos on March 22, 2020, a week later on March 29, 2020 she sent me e-mail saying that she can not afford me and cut my teaching hours on Zoom, but as I accidentally discovered that day she infringed my videos by publishing them ***on YouTube instead*** on March 23, 2020 without my consent and knowledge about it. So she concealed the truth from me. I reported to YouTube authorities and they removed my videos on March 31, 2020 and sent to defendant notification about it. When defendant learnt that she no longer will be able to use my instructional videos, she got back to me by e-mail and asked me to teach again. She asked me to meet on Zoom on April 3, 2020 to discuss my "new schedule". During our conversation on Zoom defendant suddenly asked me whether I removed my videos from YouTube, and then she as a matter of fact to my surprise stated that because of her "studio's website limited storage" she ***"had to upload" my "videos on YouTube"***, and then she pressed me to lift YouTube restrictions of my videos, so she could continue to use them for her students to practice. She even sent me email with instructions on how to request YouTube to retract my claim of copyright infringement so YouTube would restore my video back online. So she knew exactly what she is doing.

*I* did not even know how to request YouTube to lift the restriction for my videos so YouTube restore them back online. I had no idea YouTube even has such option. But in defendant's followed emails she refused to pay me for any copyright royalties for that in case I decided to restore and lift YouTube restrictions. She was blaming me saying that because I ***"reported"*** her to YouTube she is not going to pay me anything at all. Later on she also on several occasions in her emails and text messages pressed me to lift YouTube restrictions for my videos, so she could continue to use them for her students to practice, repeating to me *again* that my videos are uploaded ***on her "studio website".***

I did not lift YouTube restrictions, but I agreed to teach and taught my classes on April 9, 2020. Defendant did not pay me for that day, so I refused to teach in her studio at all. Defendant in her last e-mail to me also stated that **if I voluntarily gave her my videos then "they are not copyrighted"**. Defendant sent me check for my work of April 9, 2020 only four month later, because I filed the complaint with NJ Department of Labor and they requested her to pay my salary.

If I would not know and would not report to YouTube that defendant unlawfully uses my videos, she would of kept using them on YouTube indefinitely, because she intentionally concealed the truth from me about it, but at the same time she took advantage of my trust exploiting and manipulating me, so to take advantage of the situation. That was premeditated well thought of plan by defendant.

My Ballet III technique class instructional video without my knowledge was also used by other teacher Shelby Stivale who works for defendant. When I wanted to delete my Ballet III instructional video from defendant's Shared Google Drive folder I uploaded to before, I discovered that Shelby Stivale on May 14, 2020 restricted access to my video for me to edit or delete it. Which means Shelby Stivale had the access to my video and she used it without my permission for weeks or even months later on since I first uploaded my video into defendant's Shared Google Drive folder. Shelby Stivale also had an access to defendant's Shared Google Drive folder. As I found out on May 31, 2020 it's very easy to edit and download videos from Shared Google Drive folder by anyone to their own personal computer once someone else's video(s) is uploaded into the same Shared Google Drive folder, I had no idea it's possible and defendant never mentioned anything about it to me.

Defendant also kept my bio on her studio's website for two month after I stopped teaching there, despite my request to take them off her studio's website. She kept my bio to advertise and promote high profile ballet technique training for her financial gains to bring more students into her dance studio under a false pretence that I am still a part of her teaching staff.

All of my three ballet technique classes videos: Ballet I with Ms Milana, Ballet III with Ms Milana and Pointe with Ms Milana are officially registered with Copyright Office. The certificates of registration for each video are available upon request.

IV.     Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received. _____

V.      Relief:

State what you want the Court to do for you and the amount of monetary compensation, if any, you are seeking, and the basis for such compensation.

**I ask Court to forbid defendant to upload my ballet technique classes instructional videos and** videos of my choreography on any media platform including her Studio website and anywhere else and in any way at all. I ask Court for statuary damages the sum amount of $7,350,000.00. Defendant illegally used my videos on YouTube for her personal and financial gains for the purpose of using them for her Dance Studio so her students could take my classes virtually by watching my instructional videos on YouTube. **Since defendant uploaded on YouTube my instructional videos without my consent and lied about it, I ask Court for highest award of statuary damages the sum of $150,000 for each YouTube registered view** in total 49 registered views for all three video for the period of time from March 23, 2020 to March 31, 2020. It would come to $150,000 x 49 = $7,350,000. I also ask Court for statuary damages for Shelby Stivale's unlawful use of my video. Shelby Stivale who works for defendant. On May 31, 2020 I discovered that she on May 14, 2020 restricted access for me to my Ballet III instructional video on defendant's Shared Google Drive folder, which means she had access to my video and used it. Since I don't know for how many weeks or months later on Shelby Stivale used my video since May 14, 2020 ongoing, I ask Court for the highest award of statuary damages for the sum of $150,000.00 for each day for the period of time of at least 30 days she used my video. So it would come to $150,000.00 x 30 = $4,500,000.00. So in total the statuary damages would come to $11,850,000.00 ($7,350,000.00 + $4,500,000.00 = $11,850,000.00)

- 4 -

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this 4 day of September, 20 21.

Signature of Plaintiff Milana Volovaya
Mailing Address 150-14 Village Road, apt 93B
Jamaica, NY, 11432

Telephone Number 646-709-4920
Fax Number *(if you have one)*
E-mail Address mila_ana@yahoo.com

Note:   All plaintiffs named in the caption of the complaint must date and sign the complaint.

Signature of Plaintiff: Milana Volovaya

-5-